MELISSA P. BARNARD
Assistant General Counsel
Nevada Bar No. 4916
University of Nevada, Reno
1664 North Virginia Street/MS550
Reno, Nevada  89557-0550
(775) 784-3492
(775) 327-2202--FAX
*Attorney for Defendant*
*Nevada System of Higher*
*Education*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALICE WIELAND,

          Plaintiff,

vs.

BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, a political subdivision of the State of Nevada;

          Defendant.          /

Case No.: 3:19-cv-00724-MMD-CLB

**ANSWER TO COMPLAINT**

Defendant NEVADA SYSTEM OF HIGHER EDUCATION ("NSHE") by and through its attorney, Melissa P. Barnard, Assistant General Counsel, University of Nevada, Reno, in response to the Complaint of Plaintiff Alice Wieland ("Plaintiff") admits, denies and alleges as follows:

Plaintiff's Complaint contains an introductory paragraph.  To the extent that this introductory paragraph contains allegations, NSHE denies the allegations contained in the introductory paragraph.

/ / /

-1-

1. NSHE admits only that Plaintiff brought this action pursuant to 42 U.S.C. § 1981(a), 28 U.S.C. § 1343(a) and 28 U.S.C. § 1331, but denies each and every other allegation contained in Paragraph 1.

2. NSHE admits only that venue properly lies before this Court; but denies each and every other allegation contained in Paragraph 2.

3. NSHE admits only that Plaintiff was an assistant professor at the University of Nevada, Reno beginning in July of 2012 and ending in 2019, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and on that basis denies the same.

4. – 5. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4 and 5 of the Complaint and on that basis denies the same.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.– 9. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6, 7, 8 and 9 of the Complaint and on that basis denies the same.

## FACTS

10. NSHE admits only that Plaintiff was hired in 2012 as an assistant professor for the College of Business at the University of Nevada, Reno, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and on that basis denies the same.

11. NSHE admits only that Plaintiff applied for tenure at the University of Nevada, Reno in August of 2017, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and on that basis denies the same.

/ / /

12. NSHE denies Plaintiff's characterization of the tenure process. NSHE admits only that the process for tenure is stated in the NSHE Code, the University bylaws and department bylaws, as well as in other tenure rules and procedures and that these rules and regulations speak for themselves. NSHE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and on that basis denies the same.

13. NSHE denies Plaintiff's characterization of the tenure process related to Plaintiff. NSHE admits only that the decision to deny Plaintiff tenure was made by the President pursuant to applicable law, rules and regulations, including the NSHE Code and University bylaws; but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and on that basis denies the same.

14. – 18. NSHE denies Plaintiff's characterization of the tenure process. NSHE admits only that the process for tenure is stated in the NSHE Code, the University bylaws and department bylaws, as well as in other tenure rules and procedures and that these rules and regulations are the best evidence of their contents; NSHE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 14-18 of the Complaint and on that basis denies the same.

19. NSHE denies Plaintiff's characterization of the tenure process because it is only partially set forth in Paragraph 19 of Plaintiff's Complaint. NSHE admits only that the process for tenure is stated in the NSHE Code, the University bylaws and any department bylaws as well as in other tenure rules and procedures and that these rules and regulations are the best evidence of their contents. NSHE also admits that the NSHE Code, Title II of the Board of Regents Handbook is made part of Plaintiff's contract, and that Plaintiff's contract is the best evidence of the terms and conditions of the contract, but denies each and every other allegation contained in Paragraph 19 of the Complaint.

1   20.   NSHE denies Plaintiff's characterization of the tenure process because it
2 is only partially set forth in Paragraph 20 of Plaintiff's Complaint.  NSHE admits only
3 that the process for tenure is stated in the NSHE Code, the University bylaws and any
4 department bylaws as well as in other tenure rules and procedures and that these
5 rules and regulations are the best evidence of their contents; NSHE denies each and
6 every other allegation contained in Paragraph 20 of the Complaint.
7   21.   NSHE admits that the MGRS department personnel committee prepared
8 a third year review of Plaintiff, dated April 2, 2015, and also admits that the
9 department chair Sheri Faircloth submitted a third year review to Dean Mosier on April
10 21, 2015. NSHE denies Plaintiff's characterization of Plaintiff's third year review
11 because it is only partially set forth in Paragraph 21 of Plaintiff's Complaint and the
12 terms of the third year review is the best evidence of its contents; NSHE denies the
13 remaining allegations contained in Paragraph 21 of the Complaint.
14   22.   NSHE admits that the MGRS department personnel committee prepared
15 a fourth year review of Plaintiff, dated April 7, 2016, and also admits that the
16 department chair Sheri Faircloth submitted a fourth year review to Dean Mosier on
17 April 13, 2016. NSHE denies Plaintiff's characterization of Plaintiff's fourth year review
18 because it is only partially set forth in Paragraph 22 of Plaintiff's Complaint and the
19 terms of the fourth year review is the best evidence of its contents; NSHE denies the
20 remaining allegations contained in Paragraph 22 of the Complaint.
21   23.  NSHE admits that the MGRS department personnel committee prepared a
22 fifth year review of Plaintiff, dated April 13, 2017, and also admits that the department
23 chair Sheri Faircloth submitted a fifth year review to Dean Mosier on April 30, 2017.
24 NSHE denies Plaintiff's characterization of Plaintiff's fifth year review because it is
25 only partially set forth in Paragraph 23 of Plaintiff's Complaint and the terms of the fifth
26 year review is the best evidence of its contents; NSHE denies the remaining
27 allegations contained in Paragraph 23 of the Complaint.
28 / / /

24. NSHE denies Plaintiff's characterization of the tenure process because it is only partially set forth in Paragraph 24 of Plaintiff's Complaint. NSHE admits only that the process for tenure is stated in the NSHE Code, the University bylaws and any department bylaws as well as in other tenure rules and procedures and that these rules and regulations are the best evidence of their contents; NSHE denies each and every other allegation contained in Paragraph 24 of the Complaint.

25. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and on that basis denies the same.

26. NSHE admits only that the members of the Management Area Personnel Sub-Committee who were eligible to vote, unanimously recommended not to grant tenure to Plaintiff, but NSHE denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. NSHE admits only that the members of the Management Area Personnel Sub-Committee who were eligible to vote unanimously concluded that Plaintiff's teaching effectiveness was unsatisfactory and that the document supporting this conclusion is the best evidence of this decision; NSHE denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. NSHE admits only that the members of the Management Area Personnel Sub-Committee who were eligible to vote unanimously concluded that Plaintiff's scholarly contribution was commendable and that the document supporting this conclusion is the best evidence of this decision; NSHE denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. NSHE denies Plaintiff's characterization of the tenure process because it is only partially set forth in Paragraph 29 of Plaintiff's Complaint. NSHE admits only that the process for tenure is stated in the NSHE Code, the University bylaws and any department bylaws as well as other tenure rules and procedures and that these rules

/ / /

1  and regulations are the best evidence of their contents; NSHE denies each and every
2  other allegation contained in Paragraph 29 of the Complaint.

3      30.    NSHE admits only that the members of the Management Area
4  Personnel Sub-Committee who were eligible to vote stated in the review of Plaintiff's
5  tenure and promotion application that the assessment of Plaintiff's scholarly
6  contributions by the outsider reviewers was mixed and that the document supporting
7  this conclusion is the best evidence of this statement; NSHE denies the remaining
8  allegations contained in Paragraph 30 of the Complaint.

9      31. – 34.  NSHE denies Plaintiff's characterization of the outside reviews
10 because Plaintiff provides only partial or incomplete information from the reviewers as
11 set forth in Paragraphs 31, 32, 33 and 34 of Plaintiff's Complaint and the outside
12 reviews are the best evidence of their contents; NSHE denies the remaining
13 allegations contained in Paragraphs 31, 32, 33 and 34 of the Complaint.

14     35    NSHE denies the allegations in Paragraph 35.

15     36.    NSHE admits that the language of the University Bylaws and MGRS
16 Bylaws are partially set forth in Paragraph 36 of Plaintiff's Complaint, but that the
17 University Bylaws and MGRS Bylaws are the best evidence of their contents; NSHE
18 denies each and every other allegation contained in Paragraph 36 of the Complaint.

19     37. - 38.  NSHE denies Plaintiff's characterization of the Management Area
20 Personnel Sub-Committee's review because Plaintiff provides only partial or
21 incomplete information from the review as set forth in Paragraphs 37 and 38 of
22 Plaintiff's Complaint and the review is the best evidence of its contents; NSHE denies
23 the remaining allegations contained in Paragraphs 37 and 38 of the Complaint.

24     39.    NSHE admits that the Managerial Sciences Department Personnel
25 Committee met on October 13, 2017 to consider Plaintiff's tenure and promotion
26 application, but denies Plaintiff's characterization of the meeting and denies every
27 other remaining allegation contained in Paragraph 39 of the Complaint.
28 / / /

40. NSHE denies Plaintiff's characterization of the Managerial Sciences Department Personnel Committee's review because Plaintiff provides only partial or incomplete information from the review as set forth in Paragraph 40 of Plaintiff's Complaint and the review is the best evidence of its contents; NSHE denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and on that basis denies the same.

42. NSHE admits only that on October 16, 2017 Department Chair Ron Lembke wrote to Dean Mosier in reference to Plaintiff's application for promotion and tenure. NSHE denies Plaintiff's characterization of the department chair's recommendation to Dean Mosier because Plaintiff provides only partial or incomplete information from the recommendation as set forth in Paragraph 42 of Plaintiff's Complaint and the recommendation is the best evidence of its contents; NSHE denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and on that basis denies the same.

44. NSHE admits only that Plaintiff sought reconsideration of the recommendation to deny tenure, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and on that basis denies the same.

45. NSHE admits only that on December 5, 2017, at the request of the department chair, the Management Area Personnel Sub-Committee members who were eligible to vote, reviewed Plaintiff's request for reconsideration of her tenure and promotion application and voted unanimously that her research record was commendable, her teaching record was unsatisfactory and her service was commendable.  NSHE denies Plaintiff's characterization of the Management Area

Personnel Subcommittee's review because Plaintiff provides only partial or incomplete information from the recommendation as set forth in Paragraph 45 of Plaintiff's Complaint and the review is the best evidence of its contents; NSHE denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and on that basis deny the same.

47. NSHE admits only that Department Chair Ron Lembke wrote a letter dated January 22, 2018, to Dean Mosier regarding Plaintiff's request for reconsideration of her application for promotion and tenure. NSHE denies Plaintiff's characterization of Department Chair Lembke's letter because Plaintiff provides only partial or incomplete information from the letter as set forth in Paragraph 47 of Plaintiff's Complaint and the letter is the best evidence of its contents; NSHE denies the remaining allegations contained in Paragraph 47 of the Complaint.

48. NSHE admits only that Dean Mosier wrote a letter dated January 24, 2018, to Executive Vice President and Provost Kevin Carman regarding Plaintiff's request for reconsideration of her application for promotion and tenure. NSHE denies Plaintiff's characterization of Dean Mosier's letter because Plaintiff provides only partial or incomplete information from the letter as set forth in Paragraph 48 of Plaintiff's Complaint and the letter is the best evidence of its contents; NSHE denies the remaining allegations contained in Paragraph 48 of the Complaint.

## CAUSES OF ACTION

**COUNT 1: DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 et seq.**

49. – 50. Answering the allegations incorporated in Paragraphs 49 and 50, NSHE incorporates herein by reference each and every allegation, admission and denial set forth in its Answer to Paragraphs 1 through 48, inclusive.

/ / /

51. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and on that basis, denies the same.

52. – 53. NSHE denies the allegations contained in Paragraphs 52 and 53 of the Complaint.

**COUNT 2: DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e, et seq.**

54. Answering the allegations incorporated in Paragraph 54, NSHE incorporates herein by reference each and every allegation, admission and denial set forth in its Answer to Paragraphs 1 through 53, inclusive.

55. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and on that basis, denies the same.

56. – 57. NSHE denies the allegations contained in Paragraphs 56 and 57 of the Complaint.

**COUNT 3: DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e, et seq.**

58. Answering the allegations incorporated in Paragraph 58, NSHE incorporates herein by reference each and every allegation, admission and denial set forth in its Answer to Paragraphs 1 through 57, inclusive.

59. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and on that basis, denies the same.

60. – 61. NSHE denies the allegations contained in Paragraphs 60 and 61 of the Complaint.

/ / /

/ / /

/ / /

**COUNT 4: RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623(d)**

62. Answering the allegations incorporated in Paragraph 62, NSHE incorporates herein by reference each and every allegation, admission and denial set forth in its Answer to Paragraphs 1 through 61, inclusive.

63. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and on that basis, denies the same.

64. – 65. NSHE denies the allegations contained in Paragraphs 64 and 65 of the Complaint.

**COUNT 5: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e, et seq.**

66. Answering the allegations incorporated in Paragraph 66, NSHE incorporates herein by reference each and every allegation, admission and denial set forth in its Answer to Paragraphs 1 through 65, inclusive.

67. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and on that basis, denies the same.

68. – 69. NSHE denies the allegations contained in Paragraphs 68 and 69 of the Complaint.

**COUNT 6: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (CONTRACTUAL)**

70. Answering the allegations incorporated in Paragraph 70, NSHE incorporates herein by reference each and every allegation, admission and denial set forth in its Answer to Paragraphs 1 through 69, inclusive.

71. NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and on that basis, denies the same.

72. - 78.   NSHE denies the allegations contained in Paragraphs 72, 73, 74, 75, 76, 77 and 78 of the Complaint.

### COUNT 7:  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (TORTIOUS)

79.   Answering the allegations incorporated in Paragraph 79, NSHE incorporates herein by reference each and every allegation, admission and denial set forth in its Answer to Paragraphs 1 through 78, inclusive.

80.   NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and on that basis, denies the same.

81. - 88.   NSHE denies the allegations contained in Paragraphs 81, 82, 83, 84, 85, 86, 87 and 88 of the Complaint.

### COUNT 8:  BREACH OF CONTRACT

89.   Answering the allegations incorporated in Paragraph 89, NSHE incorporates herein by reference each and every allegation, admission and denial set forth in its Answer to Paragraphs 1 through 88, inclusive.

90.   NSHE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and on that basis, denies the same.

91. - 95.   NSHE denies the allegations contained in Paragraphs 91, 92, 93, 94 and 95 of the Complaint.

### AFFIRMATIVE DEFENSES

In accordance with Fed.R.Civ.P. 11, as amended, all possible affirmative defenses may or may not have been asserted herein insofar as sufficient facts were not available to NSHE after reasonable inquiry upon the filing of this pleading and therefore, NSHE asserts the following defenses based in fact or upon reasonable belief and hereby reserves the right to amend this Answer to allege appropriate or additional defenses, if subsequent investigation or discovery so warrants.

### FIRST DEFENSE

The Complaint fails to states a claim against NSHE upon which relief can be granted.

### SECOND DEFENSE

Plaintiff failed to name the state as a proper defendant pursuant to Chapter 41 of the Nevada Revised Statutes.

### THIRD DEFENSE

Each cause of action is barred by the applicable statute of limitations.

### FOURTH DEFENSE

The claims of Plaintiff are barred in whole or in part to the extent that the conduct, action or inaction of the Plaintiff constitutes an estoppel, laches, ratification or waiver.

### FIFTH DEFENSE

The claims of Plaintiff are barred in whole or in part to the extent that Plaintiff consented to the action of which she complains.

### SIXTH DEFENSE

Plaintiff has failed to mitigate her damages.

### SEVENTH DEFENSE

The damages complained of in Plaintiff's Complaint were not factually and/or legally caused by NSHE's activities.

### EIGHTH DEFENSE

At all times material to Plaintiff's Complaint, NSHE's activities have been in full compliance with all applicable rules, regulations, codes, ordinances and/or statutes.

### NINTH DEFENSE

NSHE is entitled to qualified good faith immunity.

### TENTH DEFENSE

The State of Nevada has adopted a limited waiver of sovereign immunity as codified in Chapter 41 of the Nevada Revised Statutes.  The claims for relief averred

in the Complaint pertain to conduct based upon acts or omissions of employees or agents of the University of Nevada, Reno, exercising due care in the execution of the statute, ordinance or other legal regulation and the claims are therefore barred by NRS 41.032.

### ELEVENTH DEFENSE

NSHE is immune from this action pursuant to NRS 41.032 because all of the acts were discretionary and made within the course and scope of the employees' official duties.

### TWELFTH DEFENSE

The claims of Plaintiff are barred in whole or in part to the extent the conduct of NSHE under the circumstances in this matter was reasonable, justified, lawful, in good faith and without malice.

### THIRTEENTH DEFENSE

The claims of Plaintiff are barred in whole or in part to the extent Plaintiff's employment was terminated solely by reason of Plaintiff's own acts.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTEENTH DEFENSE

Plaintiff was lawfully terminated from her employment in compliance with the laws of the State of Nevada and the United States of America.

### SIXTEENTH DEFENSE

Plaintiff has failed to state a claim for tortious breach of the implied covenant of good faith and fair dealing against the University because Plaintiff has failed to establish a special or confidential relationship between Plaintiff and the University Defendants.

### SEVENTEENTH DEFENSE

The claims of the Plaintiff are barred in whole or in part to the extent that there

/ / /

was no relationship between the Plaintiff and Defendant giving rise to a fiduciary obligation.

### EIGHTEENTH DEFENSE

Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1981.

### NINETEENTH DEFENSE

The claims of Plaintiff are barred in whole or in part to the extent all of the conduct of which Plaintiff complains and which is attributable to this Defendant was just and proper exercise of management discretion on the part of this Defendant and undertaken for a fair and honest reason and regulated by good faith under the circumstances.

### TWENTIETH DEFENSE

Without admitting that Plaintiff's civil rights were violated in any fashion, NSHE avers that it is shielded from liability for civil damages, because NSHE's alleged conduct, as set forth in the Complaint, did not violate clearly established statutory and/or constitutional rights which a reasonable person would have known.

### TWENTY- FIRST DEFENSE

The claims of Plaintiff are barred in whole or in part to the extent Plaintiff failed to state a claim against this Defendant upon which relief can be granted under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

### TWENTY-SECOND DEFENSE

The claims of Plaintiff are barred in whole or in part to the extent Plaintiff failed to state a claim against this Defendant upon which relief can be granted Title VII, 42 U.S.C. § 2000e et seq.

### TWENTY-THIRD DEFENSE

This action against NSHE is barred by NRS 41.031, the State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States.

/ / /

### TWENTY- FOURTH DEFENSE

The claims of the Plaintiff are barred in whole or in part to the extent NSHE complied with the Nevada System of Higher Education Code, which has the force and effect of law. *State ex rel. Richardson v. Board of Regents*, 70 Nev. 144, 150, 261 P.2d 515, 518 (1953); *Board of Regents v. Oakley*, 97 Nev. 605, 608, 637 P.2d 1199, 1201 (1981).

### TWENTY- FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff was a probationary employee who by her own conduct and actions was not recommended for tenure appointment and tenure is not a guaranteed employment or contractual right.

### TWENTY-SIXTH DEFENSE

NRS 41.035 limits the amount of recovery against a political subdivision of the State of Nevada and its agents or employees to $100,000.00.

### TWENTY- SEVENTH DEFENSE

Punitive or exemplary damages are barred against the University by NRS 41.035.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages is barred in whole or part to the extent that any such award would be violative of the constitutional safeguards provided to this defendant under the constitutions of the State of Nevada or the United States of America.

WHEREFORE, NSHE prays as follows:

1. That Plaintiff take nothing by her Complaint and that the same be dismissed with prejudice;

2. That NSHE recover its reasonable attorney fees and costs of suit incurred herein; and

/ / /

/ / /

/ / /

3. For such other relief as the Court deems proper and just in the premises.

DATED this 21st day of February, 2020.

    /s/ Melissa P. Barnard
Melissa P. Barnard
Assistant General Counsel
NV Bar No. 4916
University of Nevada, Reno
1664 North Virginia Street/MS 550
Reno, Nevada  89557-0550
(775) 784-3492
(775) 327-2202 (fax)
Attorney for Defendant
Nevada System of Higher Education

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the University of Nevada, Reno, over the age of eighteen years, that I am not a party to the within action, and that on the 21st day of February, 2020, I electronically filed the foregoing **ANSWER TO COMPLAINT**, with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>James P. Kemp, Esq.
>Kemp & Kemp
>7435 W. Azure Dr., Suite 110
>Las Vegas, NV  89130

　　　　　　　　　　　　　　　　　　　　/s/  Michelle A. Ene
　　　　　　　　　　　　　　　　　　　　Employee of the University of Nevada,
　　　　　　　　　　　　　　　　　　　　Reno of the Nevada System of Higher
　　　　　　　　　　　　　　　　　　　　Education