**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ALICE WIELAND,

Plaintiff,

v.

BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION,

Defendant.

Case No. 3:19-CV-00724-MMD-CLB

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

[ECF No. 74]

Pending before the Court is Defendant Board of Regents of the Nevada System of Higher Education's ("Board of Regents") motion for a protective order with respect to a noticed Rule 30(b)(6) deposition. (ECF No. 74). Plaintiff Alice Wieland ("Wieland") responded, (ECF No. 77), and the Board of Regents replied, (ECF No. 78). For the reasons discussed below, the motion for protective order is granted.

## I. BACKGROUND

The instant case arises out of allegations of discrimination based on age, sex and national origin, retaliation, and breach of contract, in relation to Wieland's denial of tenure at the University of Nevada, Reno ("University") in 2017. (ECF No. 1.)

Discovery in this case has proved somewhat contentious. The parties have filed numerous notices of discovery disputes, beginning in January 2021. (*See e.g.,* ECF Nos. 38, 40.) On May 28, 2021, the Board of Regents filed a notice of discovery dispute related to a noticed Rule 30(b)(6) deposition. (ECF No. 70.) On June 8, 2021, the Court held a hearing to address the discovery dispute. (ECF No. 73.) The Court granted, in part, and denied, in part, the notice of discovery dispute, and further ordered the parties to meet and confer regarding several topics and ordered the Board of Regents to file a motion for protective order regarding the topics the parties were unable to reach an agreement on. (*Id.*) Pursuant to this Court's order, the Board of Regents filed the instant

motion for protective order, (ECF No. 74). The parties contest the appropriateness of Wieland's Third-Amended Rule 30(b)(6) deposition notice to the Board of Regents that covers sixty-three topics, spanning roughly twelve pages. (*See* ECF No. 74-7.)

## II. LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless, a party from whom discovery is sought may move for a protective order to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The party seeking issuance of a protective order bears the burden of persuasion. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 784 F.2d 1108, 1121 (3d Cir. 1986)). Such a burden is carried by demonstrating a particular need for protection supported by specific facts. *Id.* To that end, courts "insist[] on a particular and specific demonstration of fact, as distinguished from conclusory statements," to issue a protective order. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient. *Caesars Entertainment*, 237 F.R.D. at 432. A showing that discovery may involve some inconvenience or expense is likewise insufficient to obtain a protective order. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

District courts possess "wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. Aug. 19, 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020)). Where grounds for a protective order have been established, courts have a variety of options to rectify the situation, including preventing the discovery or specifying the terms

on which the discovery will be conducted. Fed. R. Civ. P. 26(c)(1)(A), (B).

## III. DISCUSSION AND ANALYSIS

The Board of Regents does not oppose Wieland's ability to take a Rule 30(b)(6) deposition in this case as a general matter. Instead, the Board of Regents argue that the Third-Amended Re-Notice of Deposition is excessive and overbroad, and the Rule 30(b)(6) deposition is not the appropriate vehicle to obtain the factual basis for denials and defenses in the answer to the complaint. (ECF No. 74.) The Board of Regents point specifically to Topics 2, 3, 36, 43, 47(b), 54, 55, 56, 57, 60 as being unreasonable to the needs of the case. (*Id.* at 7-9.) The Board of Regents also points to Topics 17, 18, 20, 22, 24-29, 31, 35, 40-42, and 51-60 as being *per se* inappropriate because the topics relate to the University's denials and defenses found in its answer to the complaint. (*Id.* at 10-12.)

In response, Wieland argues that the Board of Regents have failed to show a protective order should be issued because: (1) the deposition topics are reasonable in scope and number; (2) general and conclusory assertions about the burden of preparing a witness for deposition are insufficient to warrant the issuance of a protective order; (3) Wieland is permitted to seek 30(b)(6) deposition testimony regarding the factual predicate of the Board of Regents' denials and defenses in its answer to the complaint; (4) even though responses to other discovery requests reference a particular topic, this does not bar Wieland from seeking testimony about a similar topic in a 30(b)(6) deposition; and, (5) the Board of Regents failed to show that the deposition topics are disproportional to the needs of the case. (ECF No. 77.)

"The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process." *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015). A deposition taken pursuant to Rule 30(b)(6) requires a corporation to designate knowledgeable persons and "to prepare them to fully and unevasively answer questions about the designated subject matter." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). Because of the burden and responsibilities imposed on the corporation,

the deposing party, "must describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6).

That said, "[i]t is simply impractical to expect a Rule 30(b)(6) witness to know the intimate details of everything." *United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *8 (C.D. Cal. Oct. 26, 2016). "While [Rule] 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, courts have limited discovery where the breadth of subjects and number of topics identified in a [Rule] 30(b)(6) deposition notice renders a responding party's efforts to designate a knowledgeable person unworkable." *Reno v. W. Cab Co.*, Case No. 2:18-cv-00840-APG-NJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020) (citing *Luken v. Christensen Grp. Inc.*, Case No. C16-5214 RBL, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018)).

"The reasonableness of the length and scope of a deposition notice turns on the circumstances of each case." *Reno*, 2020 WL 5902318, at *2 (citing *Bowers v. Mortgage Elec. Registration Sys., Inc.*, Civil Case No. 10-4141-JTM, 2011 WL 6013092, at *7 (D. Kan. Dec. 2, 2011) (holding that Rule 30(b)(6) deposition notice with 22 topics was improperly excessive based on the circumstances of that case); *United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *8, 9 (C.D. Cal. Oct. 26, 2016) (finding in "undisputedly complex case" that a Rule 30(b)(6) notice with 12 pages of topics was impermissibly "vast")).

The Court agrees with the Board of Regents that the 63 topics in the Rule 30(b)(6) deposition notice served in this case is excessive and unreasonable given the circumstances of this case, including the relatively straightforward nature of the claims and defenses. Rather than targeting those issues in which Rule 30(b)(6) testimony is truly needed, the deposition notice appears to have been drafted to cover nearly every conceivable facet of this litigation. This is improper, overly burdensome, and clearly disproportional to the needs of the case. Finally, burdening the defense with the task of

trying to prepare a deponent on the 63 topics in the pending deposition notice is not appropriate in the circumstances of this case and likely any similarly situated case.

In analyzing the excessiveness of Rule 30(b)(6) topics, courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others. *Reno*, 2020 WL 5902318, at *3, n. 3, (citing *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, Case No. 3:05 CV 929 (CFD), 2007 WL 2460685, at *5 (D. Conn. Aug. 27, 2007)). Instead, courts generally issue a protective order precluding enforcement of the notice as currently drafted without prejudice to the issuance of a new notice with appropriately narrowed topics. *Id.*, (citing *Apple Inc. v. Samsung Elecs. Co.*, Case No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *3 (N.D. Cal. Jan. 27, 2012)). Accordingly, the Court finds that the Third-Amended Rule 30(b)(6) deposition notice as currently drafted is excessive and improper and should be redrafted in accordance with this order.

## IV. CONCLUSION

For the reasons discussed above, the Board of Regents' motion for protective order (ECF No. 74) is **GRANTED**. Wieland is required to serve a narrowed deposition notice in compliance with this order.

**IT IS SO ORDERED.**

**DATE:** August 10, 2021 .

UNITED STATES MAGISTRATE JUDGE