UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ALICE WIELAND, | Case No. 3:19-cv-00724-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, a political subdivision of the State of Nevada, | |
| Defendant. | |

**I.   SUMMARY**

This is an employment discrimination and breach of contract case involving Plaintiff Alice Wieland's denial of tenure. Plaintiff brings this action against the Board of Regents of the Nevada System of Higher Education. After protracted disputes about Plaintiff's proposed Rule 30(b)(6) deposition notice, Defendant filed a motion for protective order ("Motion").[1] (ECF No. 74.) United States Magistrate Judge Carla L. Baldwin granted the Motion and ordered Plaintiff to serve a narrowed notice. (ECF No. 79 ("Order").) Before the Court is Plaintiff's objection (ECF No. 80 ("Objection")) to Judge Baldwin's Order granting Defendant's Motion.[2]

**II.   BACKGROUND**

Plaintiff was employed as an assistant professor in the College of Business at the University of Nevada, Reno, from July 2012 until June 30, 2019. (ECF No. 1 at 3.) After

---

[1] Plaintiff responded (ECF No. 77) and Defendant replied (ECF No. 78).

[2] Defendant responded. (ECF No. 82.) Plaintiff filed a reply (ECF No. 83), when a party objects to a matter finally determinable by a magistrate judge, replies are permitted "only with leave of the court." LR IB 3-1(a). Accordingly, the Court will strike Plaintiff's reply.

the University denied her tenure, Plaintiff brought claims under the ADEA, Title VII, and state law breach of contract. (ECF No. 1.)

At issue presently is Plaintiff's deposition notice of Defendant's designated Rule 30(b)(6) witness. After numerous attempts to meet and confer, Plaintiff proposed the current Third Amended Re-Notice. (ECF No. 81-1 ("Notice").) The Notice designated 63 topics that a designated witness be prepared to answer. (*Id.*) Defendant filed its motion for protective order. (ECF No. 74.) Defendant notes that despite having taken nine depositions from individuals who had recommended denying Plaintiff tenure and serving extensive overlapping requests for production of documents and interrogatories, Plaintiff seeks to use the Rule 30(b)(6) deposition to cover almost every aspect of the litigation. (*Id.* at 4.)

Defendant argues the Notice is excessive, claiming "[t]he shear [sic] amount of noticed subject matters makes preparation of a witness exceedingly difficult, if not impossible." (*Id.* at 7.) Explaining its position, Defendant selects several topics to demonstrate that much of the information in the Notice is either not in dispute or adequately covered by other discovery tools. (*Id.* at 7-10.)

**III.   LEGAL STANDARD**

District court judges may reconsider any non-dispositive matter finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." LR IB 3-1(a). "This standard of review 'is significantly deferential' to a magistrate judge's determination." *Ashcraft v. Welk Resort Grp., Corp.*, Case No. 2:16-cv-02978-JAD-NJK, 2021 WL 3017512, at *1 (D. Nev. Mar. 24, 2021) (quoting *Concrete Pipe and Prods. Of Cal., Inc. v. Constr. Laborers Pension Tr. For S. Cal.*, 508 U.S. 602, 623 (1993)). Only when the district court has "a definite or firm conviction that a mistake [has] been made," *Concrete Pipe*, 508 U.S. at 626, "or a relevant statute, law, or rule has been omitted or misapplied," *Ashcraft*, 2021 WL 3017512 at *1.

///

///

2

**IV.     DISCUSSION**

Plaintiff argues the Order is clearly erroneous for five reasons: (1) the Court disregarded Defendant's burden to demonstrate a particular need for protection; (2) the Court improperly restricted the subject matter of a Rule 30(b)(6) deposition; (3) the Court misstated the Defendant's obligation to provide knowledgeable Rule 30(b)(6) deponents; (4) the Court failed to explain which topics in particular were overbroad, overly burdensome, oppressive, or improper; and (5) the Court mischaracterized the proper scope of discovery in this case. (ECF No. 80 at 3-8.) Despite these arguments, Plaintiff has not shown that Judge Baldwin clearly erred. Accordingly, the Court will overrule the Objection.

"The purpose of a Rule 30(b)(6) deposition is to streamline the discovery process." *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015). Conversely, "the purpose served by [Rule] 30(b)(6)—to require an organization to identify and designate a witness who is knowledgeable on the noticed topic, particularly where the noticing party is unable to itself identify an appropriate witness because that knowledge lies within the organization—does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, Case No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012). "Courts 'have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices.'" *Reno v. W. Cab Co.*, Case No. 2:18-cv-00840-APG-NJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020) (citation omitted). Moreover, "broad discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Judge Baldwin properly determined that the topics presently covered in the Notice are too broad and unfocused. Some topics are narrowly tailored and would readily inform Defendant about the information the deponent would need to provide, such as Topic 62 ("The identities including demographic information such as sex, age, race, and national origin of all persons in the UNR College of Business who were granted tenure between

3

2012 and the present") or Topic 13 ("Written and unwritten norms in the College of Business related to information shared with the external reviewers about teaching loads for tenure applicants"). (ECF No. 81-1 at 13, 4.) Others, including the objected-to topics, are unwieldy, anticipating that the deponent come prepared to discuss "all facts and documents regarding Plaintiff's contentions" at three paragraphs of the Complaint, "all facts and documents upon which [Defendant] base[s] [its] denial" of 12 paragraphs of the Complaint and "all facts and documents upon which [Defendant] base[s] [its]" defenses in 10 paragraphs of Defendant's answer. (*Id.* at 5-13.) In review, Judge Baldwin noted that, "[r]ather than targeting those issues in which Rule 30(b)(6) testimony is truly needed, the deposition notice appears to have been drafted to cover nearly every conceivable facet of this litigation." (ECF No. 79 at 4.)

The Court will address each of Plaintiff's alleged notices of error in turn.

### A.    Defendant's Burden

Plaintiff argues in its first alleged notice of error that Defendants had not alleged specific burdens in the Motion, despite being so required. It is true that the party seeking a protective order bears the burden of demonstrating "annoyance embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1); *Matthys v. Barrick Gold of N. Am., Inc.*, Case No. 3:20-CV-00034-LRH-CLB, 2021 WL 3604834, at *1 (D. Nev. Aug. 13, 2021) ("The party seeking issuance of a protective order bears the burden of persuasion."). But because Defendant did articulate specific burdens, which Judge Baldwin acknowledged, her ruling was not clearly erroneous. Defendant outlined in some detail in its Motion why certain topics would be unduly burdensome, including that to adequately prepare a witness for the deposition, they would need to review over 200 tenure applications that are not at issue in this case. (ECF No. 74 at 9.) Defendant further argues more generally that compliance with the Notice would be next to impossible, leading to an unavoidable sanctions motion for failing to adequately prepare the witness. (*Id.*) Defendant's argument goes beyond "not want[ing]" to prepare for the deposition, as Plaintiff suggests (ECF No. 83 at 2), and states instead that they would be unable to

4

produce an effective witness or witnesses to respond to the breadth of the topics. Judge Baldwin agreed that a deposition on the present topics would produce not only time and expense, but unreasonable time and expense. To cure this defect, Judge Baldwin ordered Plaintiff to serve a more focused deposition notice. Her finding is not clearly erroneous, as it lies within the Court's discretion to prevent unrestricted discovery that will exceed the needs of the case.

### B.     Restricted Subject Matter

Contrary to Plaintiff's assertion in the second noticed error, Judge Baldwin did not hold that an organization's perspective on facts in the Complaint or its pleaded defenses are not discoverable via a 30(b)(6) deposition. (ECF No. 80 at 4.) Instead, Judge Baldwin reasoned that the topics were unfocused and insufficiently targeted for the purposes of a deposition in which the Defendant will have to prepare a witness based on information beyond their own personal knowledge. (ECF No. 79 at 4.) At no time did Judge Baldwin find or hold that any topic in the Notice was not relevant, only that as drafted, the Notice imposes a burdensome task that is disproportionate to the needs of the case. (*Id.*) Indeed, she expressly noted that while topics may include relevant information, "courts have limited discovery where the breadth of subjects and number of topics identified . . . renders a responding party's efforts to designate a knowledgeable person unworkable." (*Id.* (quoting *Reno*, 2020 WL 5902318 at *2).) Because the Court has the authority to restrict relevant topics for a 30(b)(6) deponent based on practical limitations, Judge Baldwin did not clearly err.

### C.     Defendant's Obligation to Provide a Knowledgeable Witness

Plaintiff's third alleged noticed error that Judge Baldwin misstates the requirements of a 30(b)(6) witness is likewise without merit. In the Order, Judge Baldwin cites to *United States v. HVI Cat Canyon, Inc.*, for the proposition that "[i]t is simply impractical to expect a Rule 30(b)(6) witness to know the intimate details of everything." Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *8 (C.D. Cal. Oct. 26, 2016). Contrary to Plaintiff's assertion, neither Judge Baldwin nor the *HVI Cat Canyon* court are referring to "the

personal knowledge of the designated witness" (ECF No. 80 at 5), but rather the time, expense, and effort that will be required to prepare that witness for testimony. *See HVI Cat Canyon*, 2016 WL 11683593 at *8 (citing *RM Dean Farms v. Helena Chem. Co.*, Case No. 2:11CV00105 JLH, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (reasoning that protective orders are appropriate where designated witnesses would need "to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible")). Indeed, Judge Baldwin goes on to explain that despite topics' relevance, if they are too numerous or broad, they may be "unworkable," clearly addressing the burden of the Notice, not the expectation that a witness will have personal knowledge of all its contents. (ECF No. 79 at 4 (quoting *Reno*, 2020 WL 5902318 at *2).) Because the Court has discretion to limit the scope of noticed topics to conform with the purpose of a Rule 30(b)(6) deposition, Judge Baldwin did not act contrary to law.[3]

### D. Failure to Explain Each Topic's Deficiency

The Court is not required to affirmatively explain which individual topics in the Notice are overbroad or improper. *See Reno*, 2020 WL 5902318 at *3 n.3 ("In analyzing the excessiveness of Rule 30(b)(6) topics, courts do not generally engage in an item-by-item analysis to allow particular topics and rule out others.") Judge Baldwin did however note which types of topics were overly broad so that Plaintiff could revise or omit objectionable topics. (ECF No. 79 at 3.) Plaintiff does not provide any authority which suggests the Court must comb through each topic and give a ruling as to why it is overbroad. Indeed, such a standard is contrary to the Ninth Circuit's guidance that "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). By issuing a protective order and directing Plaintiff to serve a narrowed notice, Judge Baldwin did not foreclose topics for the 30(b)(6) deposition, but instead required Plaintiff to consider what information is appropriate for a 30(b)(6) witness' testimony.

---

[3] Even if the Court would have found differently on first impression, which it would not, magistrate judges' orders are not reviewed for abuse of discretion, but for clear error—a higher standard under which Plaintiff has not shown she is entitled to relief.

6

### E. Proper Scope of Discovery

Judge Baldwin further did not err when determining that the Notice contained too many broad topics relative to the complexity of the case. Plaintiff argues in its fifth alleged noticed error that Judge Baldwin mischaracterized the complexity of her case, noting that there are eight separate causes of action. (ECF No. 80 at 7.) But as even Plaintiff herself notes, this is "not a complex anti-trust, patent, or environmental enforcement action"—cases in which technical knowledge or expert explanation may be required, and a 30(b)(6) witness may serve requisite function not achievable through other discovery tools. (ECF No. 80 at 7.) But Plaintiff blurs the potential importance and sensitivity of her case with its relative complexity. As Defendant notes, Plaintiff has already deposed nine individuals with personal knowledge of Plaintiff's tenure deliberation and recommended denial, and Defendant has produced copious amounts of documentation. (ECF No. 82 at 1-2.) Because this is a case where much of the information is not that which "lies within the organization" but rather a case where the people involved are known and the documents needed to support Plaintiff's claims are unlikely to be obscure, Judge Baldwin did not err by characterizing this case as comparatively noncomplex. Yet even if she had erred, Judge Baldwin still reasoned that many objectively complex cases with fewer topics have been found unreasonably burdensome. (ECF No. 79 at 4.) Ultimately, this determination rested with Judge Baldwin, and her decision was supported by law.

In sum, Plaintiff's Objection does not show that Judge Baldwin clearly erred in some factual matter or that she applied misapplied or omitted pertinent law. For the above-referenced reasons, the Court finds that Judge Baldwin did not clearly err. Accordingly, Plaintiff's Objection is overruled.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 80) to Judge Baldwin's order is overruled.

It is further ordered that Plaintiff's reply (ECF No. 83) is stricken, as the Court did not grant Plaintiff leave to file a reply.

DATED THIS September 28th Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE